UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JUNIPER NETWORKS, a Delaware corporation,<br><br>    Plaintiff,<br><br>  vs.<br><br>PETER M. SHIPLEY, an individual,<br><br>    Defendant. | Case No: C 09-0696 SBA<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>(Docket 7) |

Plaintiff Juniper Networks, Inc. ("Juniper") filed the instant action against Defendant Peter Shipley ("Shipley") alleging that he violated 28 U.S.C. § 292(a), which prohibits marking an item with the word "patent" or a patent number for the purpose of deceiving the public.  The parties presently are before the Court on Defendant Shipley's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Docket 7).  Having read and considered the papers filed in connection with this matter, and being fully informed, the Court hereby GRANTS the motion and dismisses the Complaint, with leave to amend.[1]

**I.   BACKGROUND**

   **A.   FACTUAL SUMMARY**

The following facts are taken from Juniper's Complaint for False Marking (35 U.S.C. § 292) which, for purposes of a motion to dismiss under Rule 12(b)(6), must be taken as true. Juniper is a designer, developer, manufacturer and seller of computer networking products. (Docket 1, Compl. ¶ 8.)  Defendant is an alleged computer "hacker" who promotes his services and products on his website located at http://dis.org ("the Website"), which he has maintained since

---

[1] The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b).

1995.  (Id. ¶¶ 9-10.)  In an effort to deter other "hackers" who have attacked his Website in the past, Shipley developed a technology known as Dynamic Firewall, which he claimed was the subject of a series of pending patent applications.  (Id. ¶¶ 11-12.)  In Paragraph 14 of the Complaint, Shipley purportedly "marked" his website as follows:

> 14. On or before December 10, 1997, Mr. Shipley caused the following marking to be displayed on the Website with the Dynamic Firewall:
>
> **Dynamic Firewall** [Dover, Cyber] *** *Patent Pending* ***
>
> "Shields holding captain …".
> "D.IP.SHI.T" Dynamic IP SHield Technology A selfmodifying active firewall/packet filter designed to act as a LAN auto-defense and offense monitor/tool.  This is an idea I came up with a few years ago.
>
> **Status**:  basic log file monitoring function, now implementing core rulesets.

(Compl. ¶ 14 (emphasis added).)  In 1999, Defendant experienced a hard drive crash on his computer at home, resulting in the complete destruction of the Dynamic Firewall.  (Id. ¶ 15.)  Although the technology was no longer operable, Juniper alleges that Shipley failed to remove the "Patent Pending" marking from his Website.  (Id.)

On September 12, 2000, the U.S. Patent and Trademark Office ("PTO") issued Patent No. 6,119,236 ("'236 Patent") to Shipley.  (Id. ¶ 17.)  Thereafter, he modified the text on his Website on December 3, 2000 to read:

> **Dynamic Firewall** [Dover] *** *Patent # 6,119,236* ***
>
> "Shields holding captain …".
> "D.IP.SHI.T" Dynamic IP SHield Technology A selfmodifying active firewall/packet filter designed to act as a LAN auto-defense and offense monitor/tool.  This is an idea I came up with a few years ago.
>
> **Status**:  functioning ….

(Id. ¶ 18.)

On October 16, 2001, the PTO issued Patent No. 6,304,975 ("'975 Patent") to Shipley.  (Id. ¶ 21.)  On October 29, 2001, Shipley again modified his Website to read:

> **Dynamic Firewall** [Dover] *** *Patent # 6,119,236 and 6,304,975* ***

> "Shields holding captain …".
> "D.IP.SHI.T" <u>D</u>ynamic <u>IP</u> <u>SH</u>ield Technology A selfmodifying
> active firewall/packet filter designed to act as a LAN auto-defense
> and offense monitor/tool.  This is an idea I came up with a few years
> ago.
>
> **Status**:  functioning ….

(<u>Id.</u> ¶ 22.)  According to Juniper, Shipley's reference to the above-referenced patents constitutes a "false" marking in that it suggests that the patents were "functioning" on the Website when, in fact, they could not have been because Dynamic Firewall no longer was in existence.  (<u>Id.</u> ¶¶ 20, 23.)

Although the alleged mismarking occurred in 2000 and 2001, Juniper claims that it first learned about Shipley's alleged conduct during the course of patent litigation currently pending in the Eastern District of Texas, which was filed by Enhanced Security Research LLC ("ESR"), a company in which Shipley is a manager and principal.  See <u>Enhanced Security Research LLC v. Juniper Networks, Inc.</u>, E.D. Tex., Case No. 2-07CV-481-TJW-CE.  During the course of discovery in that action, in October 2008 Juniper allegedly learned that Shipley had represented that Dynamic Firewall was running on his Website, and that he had associated two patent numbers with that technology.  (Opp'n at 2.)  However, Shipley purportedly admitted that he no longer possessed any operable copies of Dynamic Firewall as a result of a hard drive crash in 1999.  Juniper subsequently filed the instant action in this Court on February 17, 2009, ostensibly based on that revelation.

**II.    LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.   To survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."   <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  "Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what ... the claim is and the grounds upon which it rests."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007) (internal quotation marks omitted); <u>Johnson v. Riverside Healthcare System, LP</u>, 534 F.3d 1116, 1122 (9th Cir. 2008).  "In general, the inquiry is limited to the allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff."  <u>Lazy Y Ranch Ltd.</u>

v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008).  ). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment.  See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005); Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## III. DISCUSSION

### A. APPLICABILITY OF 35 U.S.C. § 292

#### 1. **Failure to Allege Conduct within the Scope of the Statute**

The Patent Act prohibits marking an unpatented article with the word "patent" or any patent number for the purpose of deceiving the public.  See 35 U.S.C. § 292(a); Clontech Labs., Inc. v. Invitrogen Corp., 406 F.3d 1347, 1352 (Fed. Cir. 2005).  Section 292(a) provides, in relevant part, that, "Whoever marks upon, or affixes to, or uses *in advertising in connection with any unpatented article*, the word "patent" or any word or number importing that the same is patented for the purpose of deceiving the public … [s]hall be fined not more than $500 for every such offense." 35 U.S.C. § 292(a) (emphasis added).  The false marking statute is enforceable by a qui tam remedy provided in section 292(b), which provides that "[a]ny person may sue for the penalty, in which event one-half shall go to the person suing and the other to the use of the United States." See Boyd v. Schildkraut Giftware Corp., 936 F.2d 76, 79 (2d Cir. 1991).

To state a false marking claim, the plaintiff must allege the following: (1) a marking importing that an object is patented; (2) falsely affixed to; (3) an unpatented article; (4) with intent to deceive the public.  See Clontech Labs., Inc., 406 F.3d at 1351. "The purpose of the [false marking] statute is to protect the public."  7 Chisum, Patents, § 20.03[7][c][vii] (2005); accord Forest Group, Inc. v. Bon Tool Co., 2008 WL 2962206 (S.D. Tex. 2008) ("[o]ne purpose of the 'false marking' statute is to 'penalize those who would palm off upon the public unpatented articles, by falsely and fraudulently representing them to have been patented.'") (citation omitted). Because of its penal nature, however, the statute is to be strictly construed.  Mayview Corp. v. Rodstein, 620 F.2d 1347, 1359 (9th Cir. 1980).

- 4 -

In his motion to dismiss, Shipley argues that Juniper's false marking claim fails on the ground that it does not allege that the "marking" (i.e., the references to the '236 and '975 Patents next to the word "Dynamic Firewall") was made in reference to a commercial purpose or advertising of an unpatented article. Rather, Shipley claims that the patents were mentioned solely for informational purposes as "an informal and humorous description of the inventions." (Opp'n at 5.) Juniper does not directly dispute this. Instead, Juniper asserts that there is no "commerce" requirement contained in section 292(a). Though acknowledging the statute's reference to "uses in advertising," Juniper contends that merely is one of three grounds for relief under section 292(a) – and that the statute also can be violated by the mere act of falsely "marking" or "affixing" a patent or patent number to a product, even if it is unrelated to advertising. (Id. at 6.)

Juniper's construction of section 292(a) is untenable. By its express terms, the statute provides that the patent must be marked upon, affixed or used "*in advertising in connection with any unpatented article*." 35 U.S.C. § 292(a) (emphasis added). In other words, there must be a nexus between the defendant's marking, affixing or using of a patent *and* the advertising of the product. Juniper cites no authority to support the notion that a section 292(a) claim can be stated simply by improperly marking, affixing or using a patent in relation to an unpatented article *without* any connection to advertising of the unpatented article. Nor would Jupiter's construction of section 292(a) be logical. The purpose of the statute is to protect the public from being misled as to whether a product is, in fact, subject to patent protection. To the extent that the public is not being solicited regarding the unpatented product, it is unclear how the alleged deception would harm the public, and thus, necessitate the protection of section 292(a).[2]

---

[2] Alternatively, Juniper argues that it has, in fact, alleged that Shipley marked his Website in order to "promote[] his 'hacking abilities and related products and products." (Opp'n at 8 (citing Compl. ¶ 9). Even accepting this allegation as true, there are insufficient facts to establish any link between Shipley's reference to the '236 and '975 Patents and his alleged promotion of his "hacking abilities."

- 5 -

### 2. Failure to Allege Intent to Deceive with Particularity

Even if Juniper had properly alleged that Shipley engaged in conduct within the purview of section 292(a), it has not sufficiently alleged facts that the mismarking was done with the requisite intent to deceive the public. Juniper alleges the following regarding Shipley's alleged intent:

> 19. Mr. Shipley's altered marking falsely indicated that the Dynamic Firewall allegedly covered by U.S. Pat. No. 6,119,236 was still 'functioning' on the Website.
>
> 20. On information and belief, at the time Mr. Shipley made this alteration to the Website language, *he knew that language to be false*, and that no Dynamic Firewall allegedly covered by U.S. Pat. No. 6,119,236 was in fact 'functioning' on the Website.
>
> \*      \*      \*
>
> 23. Mr. Shipley's altered marking falsely indicated that the Dynamic Firewall allegedly covered by U.S. Pat. Nos. 6,119,236 and 6,304,975 was still 'functioning' on the Website.
>
> 24. On information and belief, at the time Mr. Shipley made this alteration to the Website language, *he knew that language to be false*, and that no Dynamic Firewall allegedly covered by U.S. Pat. No. 6,119,236 was in fact 'functioning' on the Website.

(Compl. ¶¶ 19-20, 23-24 (emphasis added).)

Juniper contends that it need only allege that Shipley knew that Dynamic Firewall was non-operational when he associated the patents with that technology. (Opp'n at 9.) The Court disagrees. The false marking statute is a fraud-based claim, which is subject to the pleading requirements of Federal Rule of Civil Procedure 9(b). See Berson v. Applied Signal Technology, Inc., 527 F.3d 982, 987 (9th Cir. 2008) ("[p]laintiffs must 'state with particularity facts giving rise to a strong inference' that defendants acted with the *intent to deceive*....") (emphasis added); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (claims that are "grounded in fraud" or that "sound in fraud" are subject to Rule 9(b)); c.f., Eisai Co., Ltd. v. Teva Pharmaceuticals USA, Inc., 557 F. Supp.2d 490, 493 (D. N.J. 2008) (claim for inequitable conduct, which requires an intent to deceive the Patent and Trademark Office, is subject to heightened pleading standard under Rule 9(b).) Juniper's conclusory allegations that Shipley "knew" his

reference to the patents was "false" are thus insufficient to plead an intent to deceive under section 292(a).[3]

### B.  STATUTE OF LIMITATIONS

#### 1.  Equitable Estoppel/Tolling

As an independent ground for dismissal, Shipley contents that Juniper's false marking claim is time-barred.  False marking claims under section 292(a) are subject to a five-year statute of limitations.  Arcadia Mach. & Tool Inc. v. Sturm, Ruger & Co., Inc., 786 F.2d 1124, 1125 (Fed. Cir. 1986) (citing 28 U.S.C. § 2462, which governs civil fines).  In this case, the Complaint alleges that Shipley falsely "marked" his Website on September 12, 2000 with respect to the '236 Patent and on October 21, 2001, by adding the reference to the '975 Patent.  (Compl. ¶¶ 17, 22.)  Given the five-year limitations period, Juniper had until *October 21, 2006* to file a claim under section 292(a).  See London v. Everett H. Dunbar Corp., 179 F. 506, 508 (1st Cir. 1910) (false marking must take place within limitations period).  However, Juniper did not file its Complaint until February 17, 2009, well beyond five years after the last act of "marking."

In attempt to avoid the statute of limitations bar, Juniper maintains that its Complaint is timely under the doctrine of equitable tolling.  (Opp'n at 11.)  The Court notes, as a threshold matter, there are two separate but related equitable doctrines that may toll a limitations period: (1) equitable tolling and (2) equitable estoppel.  Lukovsky v. City and County of San Francisco, 535 F.3d 1044, 1051 (9th Cir. 2008).  "'Equitable tolling' focuses on 'whether there was excusable delay by the plaintiff:  If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs.'"  Id. (quoting Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002)).  "Equitable estoppel, on the other hand, focuses primarily on actions taken by the defendant to prevent a plaintiff from filing suit,

---

[3] Juniper cites Astec Am., Inc. v. Power-One, Inc., 2008 WL 1734833 (W.D. Tex. 2008) where the district court appears to suggest that Rule 9(b) does not apply to a false marking claim. (Opp'n at 9.)  Setting aside the Astec court's failure to cite any compelling authority or provide analysis to support that conclusion, the Court notes, as discussed above, that in this Circuit fraud-based claims are subject to Rule 9(b).

1  sometimes referred to as 'fraudulent concealment.'" Id.  Here, Juniper predicates its equitable

2  tolling argument on the premise that Shipley "improperly concealed his violations of the

3  mismarking statute."  (Opp'n at 10.)  As such, Juniper's argument is more appropriately framed as

4  equitable estoppel, as opposed to equitable tolling.  Either way, Juniper's tolling argument fails as

5  pleaded.

6        The gravamen of Juniper's argument is that Shipley concealed that "the markings on his

7  Website were false by continuing to represent that a 'Dynamic Firewall' was 'functioning' on the

8  Website in accordance with the identified patents, despite his knowledge that this statement was

9  untrue."  (Opp'n at 11; Compl. ¶¶ 16, 18, 19, 22, 23.)  These allegations are too vague to comply

10 with the particularity requirements of Rule 9(b).  See Wasco Prods., Inc. v. Southwall Techs., Inc.,

11 435 F.3d 989, 991 (9th Cir. 2006) (tolling of statute of limitations based on fraudulent concealment

12 must be pleaded with particularity).  That aside, the Complaint is devoid of facts demonstrating

13 that Shipley actively concealed that Dynamic Firewall was not functional when he modified his

14 Website in 2000 and 2001 to specifically reference the '236 and '975 Patents.  Rather, Juniper has

15 done nothing more than restate his false marking claim, which is insufficient as a matter of law, to

16 invoke the doctrine of equitable estoppel.  See Lukovsky, 535 F.3d at 1052 ("The primary problem

17 with plaintiffs' argument is that their alleged basis for equitable estoppel is the same as their cause

18 of action.  As we have previously explained, the plaintiff must point to some fraudulent

19 concealment, some active conduct by the defendant 'above and beyond the wrongdoing upon

20 which the plaintiff's claim is filed, to prevent the plaintiff from suing in time.'") (citation omitted);

21 Santa Maria v. Pacific Bell, 202 F.3d 1170, 1177 (9th Cir. 2000) (same).

22       Juniper's argument fares no better when viewed through the lens of equitable tolling. "To

23 establish that equitable tolling applies, a plaintiff must prove the following elements:

24 [1] fraudulent conduct by the defendant resulting in concealment of the operative facts, [2] failure

25 of the plaintiff to discover the operative facts that are the basis of its cause of action within the

26 limitations period, and [3] due diligence by the plaintiff until discovery of those facts."  Federal

27 Election Com'n v. Williams, 104 F.3d 237, 240-41 (9th Cir. 1996).  As discussed, Juniper has

28 failed to allege facts with sufficient particularity to establish fraudulent concealment by Shipley.

But even if it had, the Complaint fails to allege facts demonstrating that a reasonable plaintiff exercising due diligence would not have known of its claim during the limitations period. Lukovsky, 535 F.3d at 1051; Williams, 104 F.3d at 241.

The Court concludes that Juniper has failed to allege facts sufficient to invoke the doctrine of equitable tolling or equitable estoppel. Since Juniper may be able to allege facts sufficient to invoke either or both doctrines, the Court will grant leave to amend to cure the deficiencies noted above. See Cervantes v. City of San Diego, 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where equitable tolling may apply).

### 2. Continuing Violations

Equally without merit is Juniper's ancillary contention that Shipley engaged in mismarking *within* five years of the date the Complaint was filed on February 17, 2009. (Opp'n at 11-13.) Although no specific marking violations are alleged to have occurred since October 16, 2001, Juniper relies on its general allegation that "the false marking has been published multiple times every day since 1999." (Opp'n at 12 (quoting Compl. ¶ 33).) According to Juniper, "there easily have been thousands of mismarking 'offenses' that have occurred within the five years immediately prior to the filing of the Complaint." (Id. at 12.)

Juniper's argument misconstrues the scope of section 292(a). Under the express terms of the statute, the impermissible act is *the marking* of the unpatented article, not the *publication* of the false mark. See London v. Everett H. Dunbar Corp., 179 F. 506, 507 (1st Cir. 1910) (holding that the "[false marking] statute does not prescribe a distinct penalty for each individual article marked, but merely a penalty for the offense of marking...."); Forest Group, Inc. v. Bon Tool Co., 2008 WL 2962206 at *6 (S.D. Tex. 2008) (ruling that mismarking is a "separate, distinct decision" and rejecting plaintiff's request to impose a penalty of $500 for each product sold with the false marking); Sadler-Cisar, Inc. v. Commercial Sales Network, Inc., 786 F. Supp. 1287, 1296 (N.D. Ohio 1991) ("continuous markings over a given time constitute a single offense.").

Juniper contends that London and Forest Group are distinguishable on the ground that they each involved the marking of a product at "one time," as contrasted with this case where "Shipley continues to publish his false markings to this date, and has published his false markings *multiple*

*times over an extended period,* resulting in multiple offenses." (Opp'n at 13.) As discussed, however, nothing in section 292(a) prohibits the "publication" of an improper mark. Rather, as the above authorities establish, it is *the act of marking the product* that constitutes the violation, irrespective of how many products are mismarked. And even if "publication" could be analogized to "marking," the allegedly continuous posting on the Website concerning the patents constitutes a discrete act. C.f., Oja v. U.S. Army Corps of Engineers, 440 F.3d 1122, 1132 (9th Cir. 2006) (improper posting of statements on website was "a single, discrete act," even though the information was "continuously hosted on a server computer"). Under Juniper's analysis, the statute of limitations would never run so long as the invalid marking continues to appear on the Website. Tellingly, Juniper cites no authority, nor has the Court located any, to support such an expansive construction of the false marking statute.

## IV. CONCLUSION

IT IS HEREBY ORDERED THAT Defendant Shipley's Motion to Dismiss (Docket 7) is GRANTED. Plaintiff Juniper is granted leave to amend to correct the deficiencies discussed above. Juniper shall have ten (10) days from the date this Order is filed to file its amended complaint. Failure to do so will result in the dismissal of this action, with prejudice.

IS IT SO ORDERED.

Dated: May 13, 2009

                                          Hon. Saundra Brown Armstrong
                                          United States District Judge