Andrew T. Oliver (CA Bar No. 226098)
atoliver@townsend.com
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301-1431
Telephone: 650-326-2400
Facsimile: 650-326-2422

Cole M. Fauver (admitted *pro hac vice*)
cmfauver@rkmc.com
Brenda L. Joly (admitted *pro hac vice*)
bljoly@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN 55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

Attorneys for Defendant
Peter M. Shipley

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Juniper Networks, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Peter M. Shipley, <br><br> Defendant. | CASE NO.: C09-00696 SBA <br><br> **DEFENDANT'S SUPPLEMENTAL BRIEF REGARDING MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** <br><br> Date: No hearing date <br> Time: No time <br> Courtroom: 3 (Oakland) <br> Judge: The Honorable Saundra B. Armstrong |

Defendant Peter M. Shipley submits this supplemental brief pursuant to this Court's July 27, 2009, Order, which requested additional briefing regarding why Juniper Network Inc.'s ("Juniper's") claim should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) in addition for failure to state a claim under Rule 12(b)(6).

Juniper's supplemental brief acknowledges, in passing, why its claim must fail for lack of standing (in which event the Court lacks subject matter jurisdiction) as well as under Federal Rule of Civil Procedure 12(b)(6). A *qui tam* relator can have no standing, even on the theory it is the assignee of the injury to the sovereignty of the United States created by violation of a law, when the claim it pleads does not state a claim under the law. Supp. Br. at 2 ("Because the plaintiff could not plead or prove a violation of the relevant statute, it could not establish an injury to the United States Government—and therefore could not claim standing as a *qui tam* relator."). Dismissal of Juniper's claim does not require finding the false marking statute unconstitutional; it recognizes that Juniper has not pled conduct that falls within the parameters of 35 U.S.C. § 292.

This Court should dismiss Juniper's amended complaint for the same fundamental failings that led the Court to dismiss Juniper's original complaint. Juniper's amended complaint, like its original complaint, presumes a violation of the statute can be found when a patent number is affixed or "marked" on an item that is not a commercial article and not used to advertise an article. As the Court previously recognized, however, such a position "is untenable." Order Granting Defendant's Motion to Dismiss (Dkt. #21) at 5. Thus, Juniper's case must be dismissed for failure to state a claim.

Moreover, when, as here, the only alleged basis for standing is as a *qui tam* relator, failure to state a claim mandates dismissal under Federal Rule of Civil Procedure 12(b)(1) for lack of standing in addition to dismissal under Rule 12(b)(6). Juniper does not dispute that it has pled no injury to itself, and therefore can have no standing on that ground. Rather it claims it has standing as a *qui tam* relator. *See* Supp. Br., *e.g.* at 1. But, as even Juniper recognized in its brief, a *qui tam* relator has no standing when it has failed to state a claim. *See id., e.g.* at 2, 3. "All plaintiffs—including *qui tam* plaintiffs granted a statutory right of action—must satisfy the 'irreducible constitutional minimum' of standing." *Stauffer v. Brooks Brothers, Inc.*, 615

F.Supp.2d 248, 253 (S.D.N.Y. 2009) (quoting *Vermont Agency of Nat'l Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000) and *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). That minimum constitutional requirement of standing imposes on every plaintiff the burden of proving (1) an injury in fact (2) causally connected to the defendant, (3) that is likely to be redressed by the court. *Id.* (citing *Lujan*, 504 U.S. at 560-1). Although a *qui tam* plaintiff commonly suffers no direct injury himself because a *qui tam* provision generally operates as a statutory "assignment" of the rights of another, the United States must still have suffered constitutional injury in fact caused by the defendant in order for any cognizable claim to be brought by the "assignee" *qui tam* relator on behalf of the United States. *See id.; Vermont Agency*, 529 U.S. at 774.[1]

No one has suffered any legally-recognized injury caused by Defendant under the facts stated in Juniper's amended complaint. Indeed, the United States cannot even have suffered an injury to its sovereignty (i.e. injury from the fact its law has been violated) when the law has not been broken.[2] As Mr. Shipley has fully detailed in his previous briefing, Juniper's complaint does not allege any prohibited conduct or injury within the parameters of the false marking statute. Unlike the defendant in any other reported false marking case of which Defendant is aware, Mr. Shipley is not alleged to have offered for sale or sold any falsely marked (or advertised) commercial product. Mr. Shipley could not have palmed off a falsely marked article or intended to deceive the public regarding the patented nature of his merchandise when he is not alleged to have offered for sale any falsely marked article. The alleged conduct does not fall

---

[1] Juniper claims that it is bringing this lawsuit "solely on behalf of the United States." Supp. Br. at 5.

[2] Debating whether there must be a proprietary injury to the United States (*e.g.* injury from a fraud committed on the government) for a *qui tam* action to properly arise, or whether a sovereign injury alone is enough (*i.e.* injury based on the fact the law has been violated), is rather pointless in the context of this case. There cannot be an injury to the sovereignty of the United States when the injury the statute at issue itself requires in order for the law to violated has not occurred. The only conduct prohibited by the false marking statute is the false marking of articles with the intent to deceive the public. When the public could not have been deceived in the manner contemplated by the statute then no prohibited fraud has been committed, and the United States' sovereignty has not been injured. *See Clontech Labs, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005) (section 292 is not a strict liability offense but requires an intent to deceive the public). The government is not injured by conduct that it has not prohibited.

1  within the parameters of the statute because "[o]bviously the statutory object [of the false
2  marking statute] is to penalize those who would palm off upon the public unpatented articles, by
3  falsely and fraudulently representing them to have been patented." *Calderwood v. Mansfield*, 71
4  F.Supp. 480, 482 (N.D. Cal. 1947); *see also Wine Ry. Appliance Co. v. Enterprise Ry. Equip. Co.*,
5  297 U.S. 387, 393 (1936) (the false marking statute "penalizes the use of unauthorized marks
6  <u>upon manufactured articles</u> 'for the purpose of deceiving the public.'") (emphasis added).  No one
7  can be deceived into buying an unpatented article when no such commercial article exists.  Mr.
8  Shipley's alleged conduct could not have caused any deception or injury within the meaning of
9  the statute to the public, marketplace, economy, or government as he is not alleged to have
10 offered any falsely marked or advertised article to the public.

11 Juniper's claim is much more fundamentally deficient than the plaintiff's claim in
12 *Stauffer*.  In *Stauffer*, the defendant was alleged to have sold falsely marked bow ties.  615
13 F.Supp.2d at 250.  In other words, there was a commercial article—bow ties—that contained a
14 patent number that was alleged to have deceived the public in the haberdashery marketplace.  *See*
15 *id.* at 252.  In contrast, Juniper's claim is not premised on any commercial article that contained a
16 patent marking.  Rather, Juniper alleges that references to Mr. Shipley's patents appeared on a
17 personal website that he maintained.  No facts showing a nexus between the patent references and
18 any commercial article, such that the references could be considered a marking or advertisement
19 within the meaning of the statue, have been pled.  Similarly, no facts that could plausibly show an
20 intent to deceive the public into buying an article on the false belief it was patented have been
21 pled.  Moreover, the actual webpages underlying Juniper's complaint show that the patent
22 references are not markings or advertisements within the meaning of the statute.

23 Thus, even assuming 35 U.S.C. § 292 gives private plaintiffs who have suffered no injury
24 the right to bring suit on behalf of the United States, Juniper's claim must fail for lack of subject
25 matter jurisdiction as well as failure to state a claim.  It has been fiercely debated in other courts
26 whether 35 U.S.C. § 292 should properly be interpreted as providing a *qui tam* cause of action, or
27 whether despite the language of the statute that "any person" may bring suit it should be
28 interpreted as nonetheless requiring a person bringing the suit to meet constitutional standing

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
MINNEAPOLIS

requirements by proving injury in fact to themselves in order to avoid the statute potentially being unconstitutional under Article 2 provisions and separation of powers principles.[3]  Both courts to have issued written rulings on the issue so far have indicated that the plain language of the statute appears to be broad enough to provide for *qui tam* actions and thus constitutional standing requirements can be met under an "assignee" of the state theory, although one did not reach the resultant Article II constitutional implications (due to the plaintiff's failure to sufficiently plead the claim) and the other did not rule out that the statute thus may be unconstitutional as applied in some cases but declined to find it unconstitutional in its particular case.  *See Stauffer,* 615 F.Supp.2d at 252-53; *Pequignot v. Solo Cup Co.,* 2009 WL 874488 (E.D. Va. Mar. 27, 2009). Mr. Shipley did not raise these constitutional issues in his pending motion because as detailed in his prior briefs, and as clarified here, they are unnecessary questions to resolve as Juniper's claim must fail under Rules 12(b)(6) and 12(b)(1) even assuming the statute is properly interpreted as providing for *qui tam* causes of action.  Courts are to "avoid[] unnecessary constitutional determinations." *United States v. Raines*, 362 U.S. 17, 24 (1960).[4]

Finally, Mr. Shipley's pending motion raised one other ground for dismissal: the statute of limitations.  This Court previously ruled that Juniper's claim is time-barred unless an equitable doctrine applies to toll the statute of limitations.  *See* Order Granting Defendant's Motion to Dismiss (Dkt. #21) at 7-9.  <u>Equity</u> should not apply to save a claim from dismissal when the claim

---

[3] A statute that allows otherwise uninjured private parties to bring a claim as an "assignee" of the United States, when the statute does not mandate procedures requiring the United States to maintain appropriate controls over such actions, may render the statute unconstitutional as applied.  *See, e.g., United States ex rel. Kelly v. Boeing Co.*, 9 F.3d 743, 749-59 (9th Cir. 1993) (holding False Claims Act *qui tam* provisions do not violate separation of powers principles or Appointments Clause but only because the act specifically provides for sufficient means for the Attorney General to control and supervise relator actions—the act requires, for example, that the government review all suits before a relator may proceed and it specifically gives the government the right to terminate relator actions (in contrast to the false marking statute which does not mandate any such executive branch controls)), *cert denied* 510 U.S. 1140 (1994).

[4] Moreover, to the extent the *Stauffer* and *Pequignot* courts are correct that the statute must be read as providing a *qui tam* cause of action, the constitutional invalidity of such a suit in light of Article II is not a jurisdictional issue that is appropriate for resolution here.  *See Vermont Agency*, 529 U.S. at 778 n.8.  To the extent those opinions are wrong in that the statute should be read as allowing suit only by parties suffering injury in fact who thus have standing independent of a theory of government assignability of sovereign injury, that is an additional reason why Juniper's claim must be dismissed.

does not involve real injury to anyone.

## CONCLUSION

Juniper's claim is not well-founded or grounded in the law regarding false marking. Juniper's amended complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted as well as for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

DATED: August 14, 2009         By: /s/Brenda L. Joly

Cole M. Fauver (admitted *pro hac vice*)
cmfauver@rkmc.com
Brenda L. Joly (admitted *pro hac vice*)
bljoly@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, MN  55402-2015
Telephone: 612-349-8500
Facsimile: 612-339-4181

Andrew T. Oliver (CA Bar No. 226098)
atoliver@townsend.com
TOWNSEND AND TOWNSEND AND CREW LLP
379 Lytton Avenue
Palo Alto, CA 94301-1431
Telephone: 650-326-2400
Facsimile:  650-326-2422

**ATTORNEYS FOR DEFENDANT
PETER M. SHIPLEY**